UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.   5:11cr29/RS/CJK
   5:13cv88/RS/CJK

RICARDO MORENO
a/k/a "Daniel Rodriguez-Rivas"
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 49).  The Government has filed a response (doc. 51) and Defendant has filed a reply.  (Doc. 53).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

On September 27, 2011, a grand jury charged Defendant in a single count indictment with unlawful reentry into the United States after deportation. (Doc. 1). On December 8, 2011, Defendant appeared before the district court to enter a plea of guilty, assisted by an interpreter. There was no plea agreement, but the Government had prepared, and Defendant had signed, a written statement of facts. (*See* doc. 19; doc. 39 at 2). The court advised Defendant, as is customary, that if he did not understand the proceedings or needed to talk to his lawyer, he should advise the court, and also warned him that if he did not answer questions truthfully, he could be charged with perjury. Defendant stated that he understood this. (Doc. 39 at 4). The court advised Defendant of the maximum sentence he faced, as well as the fact that his attorney could not predict the sentence he might receive, and again Defendant indicated that he understood. (*Id*. at 10–11). It advised Defendant that if the court's sentence was different than what counsel predicted, Defendant could not take back his guilty plea. (*Id*. at 11). The court directly asked Defendant whether anyone had made him any promises to cause him to plead guilty and he responded in the negative. (*Id*. at 12–13). The court then asked counsel to assure the court that Defendant's plea was freely and voluntarily made and that "no assurances, promises, or understandings have been given to him about the disposition of his case which are any different than what [the court had] just discussed with him" and counsel responded in the affirmative. (*Id*. at 14). The court made the same inquiry of the Government, and the Assistant U.S. Attorney confirmed the same. (*Id*.). There was no indication from any of Defendant's answers that he hesitated or did not understand the proceedings.

Case Nos.: 5:11cr29/RS/CJK; 5:13cv88/RS/CJK

The final Presentence Investigation Report ("PSR"), to which there were no objections, reflected a base offense level of 8, a 16 level increase due to Defendant's prior conviction of an alien smuggling offense, and a three-level decrease for a total offense level of 21. (Doc. 23, PSR at ¶¶ 11–20). Defendant had a criminal history category of III, and a corresponding guidelines range of 46 to 57 months. (*Id.* at ¶¶ 25–27; 44).

At sentencing, counsel did not lodge a formal objection, but pointed out to the court that Defendant's prior conviction of alien smuggling was "a transportation, not so much a smuggling, and he was merely helping some people avoid a checkpoint when he was caught." (Doc. 34 at 4). When given the opportunity to speak, Defendant apologized for his offense conduct in this case and explained that he had been trying to cross the border for six years. (*Id.*). With reference to his prior conviction, Defendant stated that he "was sentenced in Texas for something that [he] did not commit" and reiterated that the only thing he wanted was to come into the United States. (*Id.*). Counsel then advised the court that counsel was uncertain whether his client understood completely what he had been sentenced for in Texas. (*Id.*). The Government offered no comment, and the court sentenced Defendant to a mid-range sentence of 51 months imprisonment. (*Id.* at 5).

Defendant appealed, and his appointed attorney filed an *Anders* brief. The Eleventh Circuit's independent review of the entire record revealed no arguable issues of merit, and it affirmed Defendant's sentence and conviction. (Doc. 43). Defendant timely filed the instant motion to vacate on March 25, 2013. (Doc. 45 at 6). In his amended motion, Defendant separates his claims into three grounds for

relief, claiming both ineffective assistance of counsel and court error. The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d

at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n. 14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could

have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d, 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and

without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish

prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of

...

ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada*, 941 F.2d at 1559; *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

<u>Ground One</u>

Defendant first claims that counsel was constitutionally ineffective because he induced Defendant to enter a plea after promising Defendant that he would receive only a two year sentence if he admitted his culpability. Defendant's claim is squarely refuted by the portions of the plea colloquy set forth above. (*See* doc. 39 at 10–14).

An allegation of a coerced plea, supported by a factual allegation, can support a § 2255 motion. *See Fontaine v. United States*, 411 U.S. 213, 214–15 (1973); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). However, a defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977); *Winthrop-Redin v. United States*, 767 F.3d 1210 (11th Cir. 2014) (citing *Blackledge*). Solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge*, 431 U.S. at 73–74; *Connolly v. United States*, 568 F. App'x 770, 771

(11th Cir. 2014) (citing *Blackledge*); *Garces v. U.S. Att'y Gen.*, 611 F.3d 1337, 1349 (11th Cir. 2010) (citing *Blackledge*). They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations does not suffice. *Blackledge*, 431 U.S. at 73–74; *Winthrop-Redin*, 767 F.3d at 1216. In fact, such allegations are subject to summary dismissal. *Winthrop-Redin*, 767 F.3d at 1216 (citing *Blackledge*, 431 U.S. at 74). A defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988); *United States v. Green*, 275 F. App'x 941 (11th Cir. 2008); *United States v. Cardenas*, 230 F. App'x. 933 (11th Cir. 2007). "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986) (quoting *United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975)).

The undersigned notes that not only Defendant, but also his attorney and the Assistant U.S. Attorney assured the court that no promises had been made with respect to Defendant's sentence. (*See* doc. 39 at 14). A finding that Defendant is entitled to relief on this claim would require the court to find that not only did Defendant perjure himself before the sentencing judge, but also that his lawyer, who is an officer of the court, lied in open court as well. Defendant's after-the-fact self-serving assertions that he was promised a particular sentence, when considered in conjunction with the record, do not afford him relief.

<u>Ground Two</u>

Defendant's second ground for relief is that the district court erred in applying the 16-level enhancement for the alien smuggling offense. To the extent Defendant

now seeks to challenge the factual basis underlying his prior conviction from the Southern District of Texas, this is not the appropriate venue in which to do so. Defendant also appears to argue that the court should not have both applied the 16 level enhancement and considered the Texas conviction in calculating his criminal history. Defendant's failure to raise this issue before the district court or on appeal results in a procedural bar. *See Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622. Even if his claim were not procedurally barred, Defendant's position is without merit. Pursuant to the Sentencing Guidelines, Defendant's prior criminal history is a specific offense characteristic that is to be taken into account when calculating the proper offense level for unlawfully entering or remaining in the United States. *See* U.S.S.G. § 2L1.2. The fact that criminal history points may also be assessed is specifically considered in determining the proper guidelines adjustment. *See* U.S.S.G. § 2L1.2(b)(A). Defendant is not entitled to relief on this ground.

### Ground Three

Defendant's final ground for relief is couched as a general ineffective assistance of counsel claim. In this claim, he reiterates his assertion that he was "coerced" into entering a guilty plea by the promise of a two year sentence, which claim was already discussed with respect to Ground One of his motion.

Defendant also claims that he requested counsel to investigate the circumstances of his return to the United States and demonstrate that there were extraordinary circumstances given the fact that Defendant was at risk of death in his home country of Mexico. Defendant offers no support for this statement, and he did not mention this issue when given the opportunity to address the court at sentencing.

Furthermore, he has not shown that, even if true, such information would have altered the outcome of the proceedings.

Finally, Defendant claims that he was prejudiced by the incompetence of his counsel at the plea, sentencing and upon appeal. Defendant offers no suggestion as to what counsel should or could have done differently that would have altered the outcome of the proceedings. As noted *supra*, bare conclusory allegations do not entitle him to relief. *See Boyd*, 697 F.3d at 1333–34; *Garcia*, 456 F. App'x at 807 (citation omitted); *Wilson*, 962 F.2d at 998; *Tejada*, 941 F.2d at 1559 (11th Cir. 1991).

### Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore, Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84

Case Nos.: 5:11cr29/RS/CJK; 5:13cv88/RS/CJK

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The amended motion to vacate, set aside, or correct sentence (doc. 49) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 29th day of April, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).

Case Nos.: 5:11cr29/RS/CJK; 5:13cv88/RS/CJK